UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  5:25-cv-02486-JLS-AJR                                    Date: September 23, 2025
Title:  Omar Sanchez Ruiz v. Warden et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING IN PART APPLICATION FOR TEMPORARY RESTRAINING ORDER (Doc. 3)**

Before the Court is an *Ex Parte* Application for Temporary Restraining Order filed by Petitioner Gloria Sanchez.  (App., Doc. 3; Mem., Doc. 3-1.)  Respondents Thomas P. Giles, Todd Lyons, Kristi Noem, Pamela Bondi, and Warden of Desert View Facility, Adelanto, CA, opposed.  (Opp., Doc. 7.)  Having reviewed the papers, the Court GRANTS IN PART Petitioner's Application and ORDERS Respondents to show cause why a preliminary injunction should not issue.

**I.     BACKGROUND**

Petitioner is a citizen of Mexico who is currently detained by Immigration and Customs Enforcement ("ICE") in Adelanto, California.  (Petition at 2, Doc. 1; *see also* Ex. B to Petition, Doc. 1 at 19.)  She is a transgender Mexican activist who was ordered deported and granted withholding of removal on October 28, 2008.  (Mem. at 2; *see also* Ex. C to Mem., Doc. 3-1 at 24.)  Petitioner was then placed under an Order of Supervision dated December 22, 2008, as her removal to Mexico or a safe third country could not be effectuated.  (*See* Petition at 3; *see also* Mem. at 8; Ex. C to Mem.)  The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  5:25-cv-02486-JLS-AJR | Date: September 23, 2025 |
| Title:  Omar Sanchez Ruiz v. Warden et al | |

Order of Supervision requires Petitioner to comply with various conditions, including reporting to ICE on an annual basis.  (Petition at 2, 8; *see also* Ex. C to Mem.)

On September 19, 2025, ICE re-detained Petitioner in Santa Ana, California.  (Petition at 2.)  The Petition alleges that Petitioner was not provided notice of ICE's intent to re-detain her or any information as to why her Order of Supervision was presumably revoked.  (*See* Mem. at 9, 11.)  Petitioner submits along with her Petition and Application a Department of Homeland Security ("DHS") memorandum dated March 30, 2025, which provides that DHS has a policy of removing noncitizens to third countries "without the need for further procedures" when the United States has received diplomatic assurances that the noncitizen will not be persecuted or tortured.  (Ex. E to Mem., March 2025 Noem Memo, Doc. 3-1 at 37.)  In the absence of such assurances, ICE "will not affirmatively ask whether the [noncitizen] is afraid of being removed to that country."  (*Id.* at 37–38)

On September 21, 2025, Petitioner filed a petition for writ of habeas corpus and the instant *Ex Parte* Application.  (Petition; App.; Mem.)  Petitioner's Application requests (1) an order enjoining Respondents from transferring her out of this judicial district during the pendency of her petition or an order requiring her return if she has already been transferred; (2) an order enjoining Respondents from removing Petitioner to a third country without notice and an opportunity to be heard on any fear of persecution or torture she has in that third country; and (3) an order requiring Petitioner's immediate release from ICE detention on an Order of Supervision until such time that her removal is reasonably foreseeable.  (App. at 2.)

## II. LEGAL STANDARD

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction."  *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  Like a preliminary injunction, a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-02486-JLS-AJR                                                    Date: September 23, 2025
Title:  Omar Sanchez Ruiz v. Warden et al

temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  "The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held." *Jones v. H.S.B.C. (USA)*, 844 F. Supp. 2d 1099, 1100 (S.D. Cal. 2012) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974)).

To obtain a temporary restraining order ("TRO"), a plaintiff "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that [a TRO] is in the public interest." *Winter*, 555 U.S. at 22.  This "requires the plaintiff to make a showing on all four prongs." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  Alternatively, under the Ninth Circuit's sliding scale test, a plaintiff may obtain a TRO by showing "that there are 'serious questions going to the merits'" and that "the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies*, 632 F.3d at 1135) (emphasis omitted).  The final two *Winter* factors "merge" when a TRO is sought against the government. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

### III.  ANALYSIS

As noted above, Petitioner seeks a TRO barring Respondents from (1) transferring her out of this judicial district; (2) removing her to a third country without notice and an opportunity to be heard on any fear of persecution or torture she has in that third country; and (3) requiring her immediate release from ICE detention on an Order of Supervision until such time that her removal is reasonably foreseeable.  (App. at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-02486-JLS-AJR					Date: September 23, 2025
Title:  Omar Sanchez Ruiz v. Warden et al

First, the Court determines that Petitioner has failed to show that she will suffer irreparable harm if she is transferred outside of this judicial district as this Court's jurisdiction "attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990); *see also Vaskanyan v. Janecka*, 2025 WL 2014208, at *8 (C.D. Cal. June 25, 2025).  This conclusion accords with those of other courts that have retained jurisdiction over a habeas petition after a detainee's transfer out of the district.  *See, e.g.*, *Ovsepian v. Bondi*, Case No. 5:25-cv-01937-MEMF-DFM, Doc. 20 at *14–15 (C.D. Cal. Aug. 8, 2025) (finding that habeas petitioner detained by ICE had "not shown that he [was] likely to suffer irreparable harm from his transfer to Louisiana").  Moreover, though Petitioner argues that her transfer outside this judicial district will interfere with her access to counsel, she proffers only the fact that her counsel is based in Irvine, California to support this contention.  (*See* Mem. at 10.)  Such conclusory assertions do not suffice.  Absent more, Petitioner fails to show that her transfer out of district is likely to cause her irreparable harm.  Without a showing of irreparable harm, the Court need not further examine the other *Winter* factors as to this claim.

Similarly, the Court concludes that Petitioner has failed to establish a likelihood of success on the merits as to her claim that her detention violates substantive due process requirements.  (*See* Petition at 9.)  The Application argues that her "continued detention, both constructive and physical, beyond the presumptively reasonable six-month period, and particularly beyond the 90-day removal period authorized by 8 U.S.C. § 1231(a), violates the Due Process Clause[.]"  (*Id.*)  Pursuant to 8 U.S.C §1231(a)(6), the Attorney General may either release or continue to detain a noncitizen beyond the 90-day removal period.  However, a noncitizen may not be detained beyond a six-month "presumptively reasonable period of detention." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).  "After this 6–month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-02486-JLS-AJR                              Date: September 23, 2025
Title:  Omar Sanchez Ruiz v. Warden et al

Invoking *Zadvydas*, Petitioner argues that she is likely to succeed on the merits of her claim because her removal is not reasonably foreseeable and she has "been detained beyond the 180-day post-removal period, going back to October 2008[.]" (Mem. at 8.) However, Petitioner presents no evidence that she has been detained beyond six months, and instead argues that her release on an Order of Supervision in October 2008 constitutes a detention within the terms of Section 1231. (Mem. at 3, 6–8.) But in *Zadvydas,* the Supreme Court made a clear distinction between "detention" and "release under supervision." 533 U.S. at 683–85. The relevant detention period in *Zadvydas* pertained specifically to the noncitizen's continued confinement. *Id.* Accordingly, Petitioner here cannot point to her release on an Order of Supervision as evidence that she has been detained beyond the "presumptively reasonable period of detention." *Id.* at 701. Absent any evidence of actual detention beyond the six-month period, Petitioner's claim is premature.

By contrast, Petitioner can point to a likelihood of success on the merits and irreparable harm regarding her challenge to third country removal without notice and an opportunity to be heard as to any fear of persecution or torture. Liberally construed, that claim contends that DHS has violated its obligations under 8 U.S.C. § 1231 because it "is unlikely, and entirely unforeseeable, that Respondents would be able to secure a safe third country for Petitioner to be removed to[.]"[1] (Petition at 10.) Petitioner's

---

[1] Though Petitioner's claim is labeled as a violation of "8 U.S.C. Section 1231(a) and Implementing Regulations," the claim itself implicates 8 U.S.C. Section 1231(b), which prohibits removal to a third country "if the Attorney General decides that the [noncitizen's] life or freedom would be threatened in that country because of the [noncitizen's] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). (*See also* Petition at 10.) Petitioner also frames her claim as one for failure to comply with the Due Process Clause. (*Id.* at 11.) Removals of noncitizens may violate procedural due process "if an immigrant was not provided an opportunity to address his fear of persecution in that country." *Najjar v. Lynch*, 630 F. App'x 724 (9th Cir. 2016). DHS's current policies allow removal "without the need for further procedures" when the United States has received "diplomatic assurances that [noncitizens] removed from the United States will not be persecuted or tortured."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  5:25-cv-02486-JLS-AJR | Date: September 23, 2025 |
| Title:  Omar Sanchez Ruiz v. Warden et al | |

Application further argues that "DHS is barred from deporting a non-citizen to a country where the non-citizen's life or freedom would be threatened because of five protected grounds" or where the non-citizen "face[s] a threat of torture." (Mem. at 8 (citing 8 U.S.C. § 1231(b)(3)(A) and 8 C.F.R. §§ 208.16–208.18).)

As stated above, Respondents do not oppose Petitioner's request for third country removal notice procedures.  Rather Respondents "would greatly prefer" that "a basic notice period (e.g. 10 days) [prior to any removal to a third country]" "not be required by a TRO, and that notice rather be given normally by the government under its normal procedures." (Opp. at 2.)  However, Respondents provide no indication that "normal procedures" are anything other than the operative ICE policy described in the March 2025 Noem Memorandum.  Pursuant to that policy, a noncitizen may be removed from the United States absent further procedure so long as "the country of removal … has provided diplomatic assurances that [noncitizens] removed from the United States will not be persecuted or tortured." (March 2025 Noem Memo.)  ICE "will not affirmatively ask whether the [noncitizen] is afraid of being removed to that country." (*Id.*) Accordingly, the Court concludes that Petitioner has established a likelihood of success on the merits, or at least the presence of "serious questions going to the merits" as to this claim. *Alliance for the Wild Rockies*, 632 F.3d at 1135.

Petitioner has also established a likelihood of irreparable harm.  Indeed, the harm of being removed to a country where one may be tortured is patently obvious. *See D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F. Supp. 3d 355, 391 (D. Mass. 2025)

---

(March 2025 Noem Memo.)  But even in the presence of diplomatic assurances, such a removal may still result in an "erroneous deprivation," especially because threats of harm or persecution to a noncitizen in a third country may be outside that country's government's control. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  Removal without notice and an opportunity to be heard therefore raises serious due process issues. *See Ortega v. Kaiser*, 2025 WL 2243616, at *5 (N.D. Cal. Aug. 6, 2025); *see also Nguyen v. Scott*, 2025 WL 2419288, at *19 (W.D. Wash. Aug. 21, 2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-02486-JLS-AJR                                           Date: September 23, 2025
Title:  Omar Sanchez Ruiz v. Warden et al

("Here, the threatened harm is clear and simple: persecution, torture, and death.  It is hard to imagine harm more irreparable."), *stayed pending appeal*, 145 S. Ct. 2153 (2025).

So the Court turns to the final two *Winter* factors, which merge when the opposing party is the government.  *See Nken*, 556 U.S. at 435.  "A plaintiff's likelihood of success on the merits of a constitutional claim also tips the merged third and fourth factors decisively in his favor."  *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023).  This is because "it is always in the public interest to prevent the violation of a party's constitutional rights" and "[t]he government [] cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations."  *Id.* (quotation and citations omitted).

Here, Petitioner has satisfied the first *Winter* factor, likelihood of success, and thus the balance of equities and public interest tip "decisively" in her favor.  *See Baird*, 81 F.4th at 1042.  Comparatively, any potential harm to Respondents is minimal; indeed, they identify no potential harm in their opposition to Petitioner's Application.  While the public has an interest in the efficient execution of this country's immigration laws, it also has a "an interest in preventing [noncitizens] from being wrongfully removed, particularly to countries where they are likely to face substantial harm."  *Nken*, 556 U.S. at 436; *see also Ovsepian*, Case No. 5:25-cv-01937-MEMF-DFM, at *14–15 ("Although there is a countervailing 'public interest in prompt execution of removal orders,' it is well-established that 'our system does not permit agencies to act unlawfully even in pursuit of desirable ends[.]'") (quoting *Nken*, 556 U.S. at 436, and *Ala. Ass'n of Realtors v. Dep't of Health & Hum. Servs.*, 594 U.S. 758, 766 (2021) (cleaned up, further citation omitted)).  Considering these interests, the Court determines that the balance of hardships tip sharply in favor of granting a TRO.  *See Ovespian*, No. 5:25-cv-01937-MEMF-DFM, at *15 (similar); *Vaskanyan*, 2025 WL 2014208, at *7 (C.D. Cal. June 25, 2025) (similar).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  5:25-cv-02486-JLS-AJR | Date: September 23, 2025 |
| Title:  Omar Sanchez Ruiz v. Warden et al | |

In sum, Petitioner has sufficiently shown that there are serious questions going to the merits of her claim, that the balance of hardships tip "sharply" in her favor, and that the other two *Winter* factors are satisfied.  *Alliance for the Wild Rockies*, 632 F.3d at 1135.

Pursuant to Rule 65, a court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  A district court has "discretion as to the amount of security required, *if any*."  *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (quoting *Barahona–Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999)) (emphasis in original, further citation omitted).  A court "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct."  *Id.*  Respondents make no argument that a security should be required or that they are likely to suffer harm if their conduct is enjoined.  In any case, there is minimal-to-no risk of harm to the government when it is enjoined from constitutional violations.  *See Baird*, 81 F.4th at 1042.  For these reasons, the Court concludes that no security is required.

**IV.   CONCLUSION**

For the above reasons, the Court GRANTS IN PART Petitioner's Application for Temporary Restraining Order and ORDERS as follows:

1. Respndents, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Respondents are ENJOINED AND RESTRAINED from removing Petitioner to a third country, i.e., a country other than the country designated as the country of removal in Petitioner's final order of removal (Mexico), without written notice of the third country to which Petitioner may be removed provided to Petitioner and her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-02486-JLS-AJR                            Date: September 23, 2025
Title:  Omar Sanchez Ruiz v. Warden et al

counsel in a language the Petitioner can understand.  Following notice, Petitioner must be given a meaningful opportunity to raise a fear-based claim for withholding of removal or protection under the Convention Against Torture prior to removal.

2. This temporary restraining order shall take effect immediately and shall remain in effect through **October 7, 2025**, unless the Court extends this period, before that date, and for good cause.  Fed. R. Civ. P. 65(b)(2).

3. Respondents are further ORDERED TO SHOW CAUSE in-person on **October 6, 2025 at 2:00 p.m.** as to why a preliminary injunction should not issue.[2]

4. The Application is DENIED in all other respects.

                                                              Initials of Deputy Clerk: kd

---

[2] The parties may seek to extend this deadline by stipulation.